IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBIN L. PEREZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 19-255-E |
| | ) |
| ANDREW M. SAUL, ACTING | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

O R D E R

AND NOW, this 11th day of September, 2020, upon consideration of the parties' cross motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401 et seq., and denying Plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. § 1381 et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. § 405(g); Jesurum v. Sec'y of U.S. Dep't of Health & Human Servs., 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988); see also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff argues that the Administrative Law Judge ("ALJ") erred: (1) because her decision is not supported by substantial evidence of record; and (2) by finding that Plaintiff has

1

the residual functional capacity ("RFC") to work in a low stress environment.  The Court disagrees and finds that substantial evidence supports the ALJ's findings as well as her ultimate determination, based on all the evidence presented, of Plaintiff's non-disability.

Plaintiff argues, first, that the ALJ's RFC is not supported by substantial medical evidence of record, and she further asserts that the RFC as determined by the ALJ does not meet the definition of light work under the Social Security regulations.  In her brief, Plaintiff cites certain requirements of light work under the regulations, and she appears to take issue with the ALJ's reliance on the opinion of consultative examiner Michael Rosenberg, M.D.  Plaintiff asserts that Dr. Rosenberg's findings do not meet the definition of light work and that his opinion was made more than two years prior to Plaintiff's hearing date.

At the outset, the Court notes that a claimant's RFC is the most that that individual can do despite his or her limitations.  See 20 C.F.R. §§ 404.1545(a), 416.945(a).  Additionally, the determination of a claimant's RFC is solely within the province of the ALJ.  See 20 C.F.R. §§ 404.1527(d)(2), 404.1546(c), 416.927(d)(2), 416.946(c).  In formulating a claimant's RFC, the ALJ must weigh the evidence as a whole, including medical records, medical source opinions, a claimant's subjective complaints, and descriptions of his or her own limitations.  See 20 C.F.R. §§ 404.1527, 404.1529, 404.1545, 416.927, 416.929, 416.945.  It is well-established that "[t]he ALJ—not treating or examining physicians or State agency consultants—must make the ultimate disability and RFC determinations."  Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2011) (citing 20 C.F.R. §§ 404.1527(e)(1), 404.1546(c)).  Further, a consultative examiner's opinion is not automatically entitled to controlling weight, but is properly accorded weight only to the extent the record supports it.  See 20 C.F.R. §§ 404.1527(c), 416.927(c).

In this case, after reviewing all the relevant evidence, the ALJ determined in her RFC that, due to Plaintiff's impairments, she is capable of performing light work with many additional limitations.  (R. 21).  In reaching this conclusion, the ALJ reviewed and engaged in extensive discussion of a great deal of evidence, including medical opinions of record, Plaintiff's treatment notes, and Plaintiff's testimony and subjective complaints.  With regard to Dr. Rosenberg's opinion specifically, the ALJ explained that she accorded that opinion "great weight."  (R. 25).  She explained that "Dr. Rosenberg's limits with respect to lifting, carrying, sitting, standing, and walking, reaching, postural activities, and environmental limitations are consistent with the medical evidence of record."  (R. 25).  She also noted that "Dr. Rosenberg has significant program knowledge and expertise and his opinion is well supported by a function-by-function analysis and narrative detail."  (R. 25).   The ALJ explained that she disagreed with Dr. Rosenberg's opinion that Plaintiff "should work in a quiet environment as opposed to a moderate office noise environment," finding that his "noise limitation is inconsistent with the longitudinal medical evidence" showing limited medical treatment for, and few documented instances of, migraines.  (R. 25).  In her final conclusions, although the ALJ gave Dr. Rosenberg's opinion great weight, she did not fully adopt all of his findings, and she adequately explained the rationale for her various conclusions.

To the extent that Plaintiff objects to the ALJ giving Dr. Rosenberg's opinion great weight even though his opinion did not fully align with the definition of light work under the Social Security regulations, the Court notes that the ALJ herself did not find that Plaintiff could perform the full range of light work. Instead, she found that Plaintiff could perform a reduced range of light work, and therefore appropriately relied on testimony by a vocational expert to determine that positions exist in significant numbers in the national economy, considering Plaintiff's age, education, work experience, and RFC, that she could perform. (R. 27). To the extent that Plaintiff objects to the fact that the ALJ accorded weight to Dr. Rosenberg's opinion in her analysis although his opinion was formed more than two years prior to Plaintiff's hearing date, the Court also finds no error. In fact, the Third Circuit has noted that since a doctor's opinion must precede an ALJ's opinion, "there is always some time lapse between the consultant's report and the ALJ hearing and decision," and the "Social Security regulations impose no limit on how much time may pass between a report and the ALJ's decision in reliance on it." Chandler, 667 F.3d at 361. To the extent that Plaintiff generally asserts that she was entitled to greater limitations than those articulated by the ALJ because her conditions by nature have worsened over time, the Court notes that the ALJ carefully discussed Plaintiff's records and complaints over time and formulated a detailed RFC that accounted for all of Plaintiff's reasonably established limitations. As for Plaintiff's physical functioning being further reduced by pain and disfunction in her knees and by frequent migraines, the Court notes that Plaintiff makes a general argument without citing to any specific evidence that the ALJ has allegedly ignored, and the Court finds that the ALJ thoroughly evaluated the evidence of record and clearly explained the limitations that she included in the RFC to address such impairments.

Thus, the ALJ was entitled to give Dr. Rosenberg's opinion the weight that she found to be appropriate in formulating her RFC, but she was not required to adopt his opinion in its entirety. The Court notes that the ALJ discussed the other medical opinions in the record as well as that of Dr. Rosenberg, giving each opinion varying amounts of weight in her decision. (R. 25-26). In the end, after significant discussion and analysis of all the evidence of record, the ALJ formulated her RFC, which is indeed supported by the evidence. The Court finds that the ALJ adequately addressed the relevant evidence regarding Plaintiff's impairments, including Plaintiff's testimony, medical records and opinion evidence, and she came to a well-reasoned conclusion as to Plaintiff's limitations. The Court cannot now choose to re-weigh the evidence simply because Plaintiff does not agree with the ALJ's decision. See Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990). Accordingly, the Court finds no merit in Plaintiff's first argument that the RFC is not supported by substantial evidence of record.

Second, Plaintiff argues that the ALJ erred by finding that she has the RFC to work in a low stress environment. More specifically, Plaintiff alleges that the ALJ fail to consider thoroughly Plaintiff's difficulties in interacting with others. In making her argument, however, Plaintiff contends generally that the ALJ "cherry-picked" facts and that the ALJ did not consider her impairments in combination, but she does not point to particular evidence that the ALJ failed to consider or explain how evidence of her impairments was not considered in combination. (Doc. No. 10, at 19). Without providing more detail to support her claim, and considering the fact that the record in this case consists of 1,364 pages, it is not obvious to the Court which evidence the ALJ allegedly ignored or failed fully to consider. Moreover, while Plaintiff may

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 9) is DENIED and Defendant's Motion for Summary Judgment (Doc. No. 11) is GRANTED.

s/Alan N. Bloch<br>United States District Judge

ecf: Counsel of record

---

feel that the ALJ did not properly weigh all the appropriate evidence in reaching her conclusions, the ALJ is simply not required to consider every piece of evidence in the record. See Fargnoli v. Massanari, 247 F.3d 34, 42 (3d Cir. 2001).  Therefore, as discussed, supra, upon review of the record and the ALJ's decision, the Court concludes that the ALJ adequately discussed the evidence of record and reasonably relied on such evidence in formulating her RFC.

As to any additional arguments mentioned summarily by Plaintiff in her brief, the Court finds that she has failed to establish how the ALJ's failure to consider properly any evidence of record constitutes reversible error.

In sum, the Court finds that the ALJ did not err by failing to base her RFC on substantial evidence, nor did she err by finding that Plaintiff has the RFC to work in a low stress environment.  Accordingly, the Court affirms.